IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CASE NO:

| | | |
|---|---|---|
| CHERYL BREEDEN | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| GRANT COUNTY SCHOOLS | : | |
| | : | |
| And | : | |
| | : | |
| MATTHEW MORGAN, individually and in his capacity as Superintendent | : | |
| | : | |
| And | : | |
| | : | |
| GENE NELSON, Chairperson | : | |
| | : | |
| And | : | |
| | : | |
| DEBBIE ROGERS, Board Member | : | |
| | : | |
| And | : | |
| | : | |
| BRYAN SLAUGHTER, Board Member | : | |
| | : | |
| And | : | |
| | : | |
| LISA SMITH, Board Member | : | DEFENDANTS |

## COMPLAINT WITH JURY DEMAND AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff, Cheryl Breeden, by and through her counsel, for her complaints against

Defendants, Grant County School Board, its members, and Matthew Morgan, Superintendent of

Grant County Schools, states as follows:

1

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action against Defendants for breach of contract, promissory estoppel, add deprivation of a property right in employment in violation of 42 U.S.C. §1983 (failure to provide due process) Plaintiff is entitled to damages in the form of reinstatement, back pay, liquidated damages, interest, emotional distress, and payment of costs and attorney's fees.

**PARTIES**

2.      Plaintiff, Cheryl Breeden is an individual, and a resident of the Commonwealth of Kentucky.

3.      Defendant, Grant County Board of Education, (hereinafter GCBE) is a person under 42 U.S.C. § 1983 and an employer within the meaning of the FLSA and is subject to federal and state laws, with a principal office located at 820 Arnie Risen Blvd., Williamstown, Kentucky.

4.      Defendant Matthew Morgan, (hereinafter Morgan) is a person under 42 U.S.C. § 1983 and, during the relevant times set forth in the Complaint, was employed as the Finance Officer and/or the Acting Superintendent, and Superintendent.

5.      Defendant Gene Nelson is a person under 42 U.S.C. § 1983 and Chairperson of the GCBE Board of Directors, and is named in both his individual and official capacity.

6.      Defendant Debbie Rogers is a person under 42 U.S.C. § 1983 and Vice-Chairperson of the GCBE Board of Directors and is named in both her individual and official capacity.

7.      Defendant Bryan Slaughter is a person under 42 U.S.C. § 1983 and a Member of the GCBE Board of Directors and is named in both his individual and official capacity.

8.      Defendant Lisa Smith was a Member of the GCBE Board of Directors and is named in both her individual and official capacity.

9.      Defendants Morgan, Nelson, Rogers, and Slaughter and the GBCE, hereinafter, shall collectively be referred to as the Board.

2

10. At all times relevant and material hereto, the School District acted and/or failed to act by and/or through the Board of Directors.

11. At all times relevant and material hereto, the Board acted or failed to act by or through its agent, the Superintendent.

## JURISDICTIONAL ALLEGATIONS

12. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

13. This Court has jurisdiction pursuant to 28 U.S.C. §1331, or alternatively pursuant to 28 U.S.C. §1343, because this is a civil action arising under the laws and Constitution of the United States. This action involves a violation of federal laws as set forth supra.

14. This court has pendent jurisdiction over Plaintiff's state law claims which are so related to the action within such original jurisdiction that they form part of the same case or controversy under 28 U.S.C. §1367.

15. Venue is proper in the Eastern District of Kentucky because the cause of action alleged in this Complaint occurred in Grant County of this District.

## FACTS RELEVANT TO DECLARATORY JUDGMENT AND CAUSES OF ACTION

16. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

17. Plaintiff was employed, pursuant to an employment contract, from July 2006 until August 2017.

3

18.     In June 2016, Plaintiff received a review, from Defendant Morgan who, at that time, was in the position of Finance Officer, which reflected the highest possible performance rating and recommended the renewal of Plaintiff's contract.

19.     On January 1, 2017, Morgan was promoted to Acting Superintendent.

20.     On May 11, 2017 Plaintiff's contract was renewed for school year 2017-2018 providing she could only be terminated for good cause.

21.     Plaintiff's performance was not evaluated in June 2017, in violation of Board policies.

22.     On July 1, 2017, Morgan became the Superintendent of GCSD.

23.     On August 15, 2017, Superintendent Morgan, Assistant Superintendent Jennifer Wright, and Don Ruberg, Board Attorney, called Plaintiff into a meeting.

24.     Ruberg conducted the meeting and asked Plaintiff about "payroll issues." Specifically she was asked about overpayments to JG, HC, and PM.  She explained Morgan had been notified of all overpayments.  She explained the PM and HC overpayments were resolved months earlier and one was the result of a MUNIS glitch and the other was because two timesheets had been submitted. She explained JG had been overpaid because he stopped coaching but failed to notify payroll that he was continuing to receive the stipend.

25.     Ruberg accused Plaintiff of providing misinformation to JB regarding the number of days he had worked.  Plaintiff advised him she had not spoken to JB.

26.     Ruberg asked Plaintiff about overpayments to bus drivers and maintenance employees and she explained she had processed payroll pursuant to the timesheets she received and

4

had notified Morgan of concerns about some of the timesheet calculations and he had promised to "look into it."

27.    Ruberg asked Plaintiff about the special payrolls and she explained the District had always run special payrolls because timesheets were submitted late, submitted incorrectly, there may have been coding errors.  Plaintiff explained she was processing payroll for over 700 people and that Morgan had promised she would receive help once the recently hired Finance Officer joined the team.

28.    Despite Plaintiff's explanations, Ruberg said she was being terminated but if she resigned the Board would not challenge her unemployment or give her a bad reference.

29.    Plaintiff requested time to discuss the situation with her husband and was instructed to provide her decision the following morning.

30.    The next morning, after consulting with counsel, Plaintiff reported to work, with a copy of her contract, and pointed out she was entitled to notice before her termination.

31.    Ruberg consulted the contract and agreed to pay Plaintiff the notice pay but told her she would not be permitted to continue working during the notice period.

32.    Plaintiff refused to resign and on August 16, 2017 she received a letter stating:

You are advised, pursuant to KRS 160.370, KRS 160.390, KRS 161.011, and Board Policy 03.27, effective upon the receipt of this letter, that as Superintendent of the Grant County Schools ("School District"), after consultation with the attorney for the School District, I hereby notify you of the intention to terminate your contract as a classified employee with this School District. In lieu of giving 10 working days notice you will be paid for the same.

The general charge substantiating at this time the termination of your contract is incompetence, as referenced in KRS 161.011(7) and Board Policy 03.27, in performing your duties as a payroll clerk. Based upon the information made available to me, (multiple instances of employees and taxes being overpaid), and it is believed the performance of your payroll duties has been totally unsatisfactory. The specific grounds constituting the basis for your termination are as follows:

Overpayment of Social Security Taxes – taxes for all employees were paid twice.

Overpayment of [JG] in excess of $20,000

Overpayment of [PM]

Misinformation supplied to [JB] regarding number of days worked

Overpayment of bus drivers for snow days

Overpayment to [HC]

Overpayment of Numerous Maintenance Personnel

Running of 22 special payrolls last fiscal year due to the original payroll being incorrect

Insubordination-you were directed to meet with me this morning at 8:00 a.m. Approximately 10 minutes before the scheduled meeting you texted me saying you would not be there.

Audit-due to the numerous mistakes that we have discovered, it is necessary to engage a third party to audit the payrolls you generated.  II [sic] am fearful additional mistakes will be discovered.

During our meeting of August 15, when these matters were reviewed with you, you accepted no responsibility for any of these matters repeatedly insisting that third parties were to blame.   At no point in time did you apologize.  You just gave a vague response that you will be able to do better because Brian Lindner had been hired and he could help you out.

Under the provisions of Board Policy 03.27, you are entitled to request a meeting/hearing before me concerning the basis for the termination of your employment and the grounds upon which this action is based. Please note, should you decide to deny the above charges and avail yourself of the meeting/hearing procedures provided under said policy, you must complete the attached form to initiate the proceedings. **You have six (6) calendar days** after the receipt of this letter to file the form with my office.  **If you do not request such a meeting/ hearing, the termination of your employment will be final.**"

33.	On August 18, 2017, Defendants posted a vacancy for Plaintiff's job position.

34.	On August 25, 2017, Plaintiff served her request for a hearing.  She reiterated her explanations for the "performance issues" and pointed out Morgan was aware, but never suggested these were issues, prior to offering her a contract in May 2017.

35.	Plaintiff received pay through August 26, 2017 but her benefits were terminated on August 31, 2017.

36.	On August 31, 2017, Plaintiff applied for a position as a Secretary at Grant County Middle School.

6

37. On September 7, 2017, Plaintiff was notified, through counsel, of the appointment of a Hearing Officer and a hearing was scheduled for November 1, 2017.

38. On September 19, 2017, Plaintiff applied for an Accounts Payable position, for which she was clearly qualified.

39. On September 22, 2017, Defendants provided the state with the information necessary to terminated Plaintiff's employment effective August 16, 2017.

40. On September 22, 2017, Defendants provided a September 11, 2017 "audit report" as "additional evidence in support of the charges in the August 16, 2017 letter.

41. On October 5, 2017, Plaintiff applied for her position of Payroll Manager.

42. On October 9, 2017 Plaintiff applied for the position of Special Education Secretary.

43. Plaintiff did not receive an interview for any position to which she applied.

44. On October 18, 2017 Plaintiff sought an administrative determination that Plaintiff was denied her right to a pre-termination hearing and a post-termination hearing was not statutorily prescribed by KRS 161.011 or the Board policies and therefore the Hearing Officer was not authorized to act.

45. On October 26, 2017, Plaintiff advised the Hearing Officer the Board had hired someone for her position. She indicated she was concerned that if she prevailed the Board would assert the ruling was a nullity because the Hearing Officer lacked statutory authority to act. She further indicated that if she did not prevail, the Board could cite her voluntary submission to the non-statutorily prescribed hearing as being a waiver of her right to pursue damages based on the deprivation of the pre-termination hearing (pay and benefits up to the date of the hearing) pursuant to 42 USC 1983.

46. On October 27, 2017, the Hearing Officer issued an Order finding "the hearing would constitute a post-termination hearing **which the parties agree is not statutorily**

7

**prescribed**" but nevertheless ordered the hearing proceed. The Hearing Officer acknowledged the "situation could be rectified by reinstating Petitioner with pay, and then providing her with a pre-termination hearing" but did not order it. [Order, Exhibit A]

47.     On October 28, 2017, Plaintiff's attorney suggested the Board stipulate it would not challenge the Hearing Officer's jurisdiction or cite Plaintiff's participation in the hearing as a waiver of her right to pursue a due process claim for the denial of the pre-termination hearing.

48.     On October 30, 2017, the Board refused to agree to the proposed stipulation and Plaintiff notified the Board this Declaratory Judgment action would be filed.

## COUNT I
## DECLARATORY JUDGMENT

49.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

50.     At all times material herein, Plaintiff had a property and/or liberty interest in her employment and an entitlement to continued employment.

51.     KRS 161.011 requires written contracts with classified employees.

52.     KRS 161.011 requires that school districts renew the contracts of employees having more than four (4) years of continuous action service, annually, absent incompetency, neglect of duty, insubordination, inefficiency, misconduct, immorality, or other reasonable grounds specifically contained in the board policy.

53.     KRS 161.011 requires school districts to develop written due process policies and procedures relative to employee rights, discipline, and the terms and conditions of employment.

54.     Board Policy 03.27 provides, in pertinent part:

> **Actions Which May Require Hearing Procedures**
> "Only the Superintendent may issue a public reprimand, suspend without pay or terminate a classified employee. **Subject to the employee's exercise of applicable hearing rights,** these personnel actions shall be effective on the employees' receipt of written notice from the Superintendent.

8

**Temporary Suspension with Pay Pending Investigation:**
An employee may be relieved from duty for the remainder of the work day (without loss of pay for the affected portion of the day) by the immediate supervisor, pending a review of the facts or allegations, when such time is needed to protect health or welfare of students or staff or to prevent disruption of the educational process

"An employee shall be suspended with pay **only when the Superintendent determines** there is a justifiable **need to protect the health, safety, or welfare of the students and staff or to prevent significant disruption of the workplace and/or educational process.** The period of suspension with pay **shall not exceed the time needed to conduct an investigation and to determine whether the employee is to return to active service or face disciplinary action.** However, suspension with pay **shall not exceed ten (10) working days**. If circumstances arise that require an investigation or other proceedings that may extend beyond ten (10) days, the Superintendent may lengthen the period of suspension, not to exceed an additional fifteen (15) working days. Employees suspended with pay shall remain available for immediate recall to active service."

**Causes for Action**

Any classified employee may be subject to appropriate disciplinary or job action for one (1) or more of the following reasons:

> 1.    Dishonesty, neglect of duty, incompetence, inefficiency or insubordination….

**Due Process Provisions (Suspension Without Pay/Termination)**

The Superintendent **shall develop/adopt procedures to provide adequate due process,** covering matters that may result in public reprimand, suspension without pay or termination of classified employees. The procedures shall address, but are not limited to notice, opportunity to be heard, right to counsel, conducting a hearing (if requested) and the rendition of a decision or action. Employees **shall be provided written notification of charges that may result in a public reprimand, suspension without pay or termination.** The notification shall include a statement of the right to a hearing and a  form, the signing and filing of which with the Superintendent shall constitute a demand for a hearing and a denial of the charges. If an employee wishes to request a hearing, the employee shall present the appropriate form to the Superintendent within ten (10) calendar days of the receipt of the written notification of the charges **.** ***If the employee does not file the demand* for a hearing within the ten (10) day period, final personnel action may be taken or completed without a hearing or further proceedings."**

55.    Board Procedure 03.27 AP.1 provides:

**Procedure for Public Reprimand, Suspension, Dismissal of Classified Employees**:

"When the Superintendent becomes aware of allegations, that, if true, are believed to warrant public reprimand, suspension without pay, or termination of a classified employee, the Superintendent….shall determine whether s/he is in a position to serve as an impartial hearing officer concerning the allegations.  If the Superintendent determines that s/he is able to serve as an impartial hearing officer, s/he should follow Procedure A, if not, s/he shall follow Procedure B" which provides:

1.    If the Superintendent determines, after consultation with counsel as is deemed necessary, that s/he may not be in a position to serve as an impartial Hearing Officer, s/he may delegate authority to hear a classified employee disciplinary matter to an independent hearing officer and may issue such delegation to a Hearing Officer appointed by the Kentucky Commissioner of Education….All costs associated with payment for services of the Hearing Officer shall be the responsibility of the District.

2.    If the Superintendent determines s/he will not serve as Hearing Officer, **s/he may investigate** classified employee conduct or activities that may warrant a public reprimand, suspension without pay, or termination, and may cause charges to be brought against the employee setting forth the Superintendent's intent to impose a public reprimand, suspension without pay, or termination, subject to the employee's exercise of hearing rights under this policy. The charges shall    describe conduct giving rise to a violation of one or more "Causes For Action" as set forth in detail in Policy 03.27 **and may include a suspension without pay pending final administrative action on a classified employee hearing request. If after the hearing the decision is against a suspension without pay or termination, the employee shall receive his/her full pay for any period of suspension. In determining to impose a suspension without pay pending disposition of any employee request for a hearing, the Superintendent <u>shall review</u> whether the conduct at issue gives rise to the need to protect the health, welfare, or safety of staff and/or students or the orderly, efficient, and lawful operation of the educational process. Prior to imposing a suspension without pay pending disposition of any employee hearing request, the Superintendent shall provide the employee an opportunity for a conference to discuss the allegations and potential suspension without pay.**  In the conference, the Superintendent **will provide oral or written notice** of violation of "Causes For Action" constituting cause for the suspension without pay pending any employee request for a hearing, **an explanation of the evidence supporting such violation if the employee denies it, and an opportunity to the employee to present his version of the facts relating to the violation.**

10

3.   The employee may request a hearing by filing the proper form with the Superintendent within ten (10) calendar days after receiving notice of the charges. ***If the employee fails to request a hearing on time,*** the Superintendent's action as set forth in the charges **shall be final.**

4.   If the employee files a timely request, a hearing shall be conducted at a time and place not less than twenty (20) calendar days after the employee's receipt of the charges.

5.   The employee shall be given the opportunity to hear evidence on the charges and to cross-examine witnesses.

8.   The Hearing Officer shall issue his/her written decision setting forth the reasons for the decision and describing the evidence relied upon after conclusion of the hearing. **Upon receipt of the  Hearing Officer's decision**, the Superintendent shall take action consistent with the decision by providing written notice to the classified employee and such action shall be effective upon the employee's **receipt of such notice.**

56.   Plaintiff requested a hearing within ten days of receiving notice that the Superintendent intended to terminate her employment.

57.   On September 22, 2017, before a pre-termination hearing, and before any proceeding to determine if Plaintiff should be suspended without pay pending the hearing, Defendants took "final personnel action" by terminating Plaintiff effective August 16, 2017.

58.   Defendants actions violated Board policy which prohibits any final personnel action from being taken or completed without a hearing or further proceedings.

59.   Defendant Morgan was not authorized to terminate or suspend Plaintiff without pay without first affording her due process which included notice, the opportunity to be heard, right to counsel, a hearing, and the rendition of a decision.

60.   In suspending Plaintiff indefinitely without pay and ostensibly terminating Plaintiff from her position of employment, Defendants, acting under color of state law, deprived plaintiff of her property and/or liberty interest without due process.

11

61. Accordingly, an actual and justiciable controversy exists as to the validity of Defendants' indefinite suspension without pay of Plaintiff and Plaintiff's termination.

62. Plaintiff requests a declaratory judgment from this Court as to the validity of the defendants' indefinite suspension without pay/termination of Plaintiff's termination.

WHEREFORE, Plaintiff requests judgment against All Defendants and an Order:

(a) Declaring that the termination of Plaintiff's Employment Contract is void and of no force or effect;

(b) Directing the removal of the new Payroll Clerk and reinstatement of Plaintiff's employment;

(c) Reinstating Plaintiff and ordering a pre-termination hearing consistent with the due process to which Plaintiff is entitled;

(d) Awarding compensatory and economic damages for loss of salary and other emoluments of employment, consequential damages, including damage to professional reputation, reimbursement of all reasonable attorneys' fees and costs, prejudgment and post-judgment interest, and such other further relief as may be just, necessary and proper.

**COUNT II**
**VIOLATION OF DUE PROCESS, 42 U.S.C. § 1983**
**Deprivation of Property Interest**

63. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

64. At all times material herein, Plaintiff, as is protected under the Fourteenth Amendment, had a property and liberty interest in her employment and an entitlement to continued employment.

12

65.     The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend.

66.     When an employee files a demand for a hearing, within the requite period, Board policy prohibits any final personnel action being taken or completed without a hearing or further proceedings.

67.     Defendant deprived Plaintiff of a property interest in her employment when it terminated her without affording her due process

68.     The Board Policy prohibits the suspension of an employee with pay, prior to a hearing, for more than twenty five (25) days.  Suspension with pay is only permissible if there is a justifiable need to protect the health, safety, or welfare of the students and staff or prevent significant disruption of the workplace and/or educational process, and only for the time necessary to conduct an investigation and determine whether the employee is to return to active service or face disciplinary action.

69.     The Board policy prohibits the suspension of an employee without pay pending the disposition of the employee's request for a hearing without providing the opportunity to discuss the allegations and potential suspensions without pay and without a determination that the conduct at issue gives rise to the need to protect the health, welfare, or safety of staff and or students or the orderly, efficient, and lawful operation of the education.

70.     Plaintiff was never a threat to the students' health, safety or welfare, nor did Defendants make such a claim.

71.     Plaintiff had a right to have all charges presented to her prior to any final action or suspension with or without pay.

72.    After Plaintiff requested a pre-termination hearing, additional grounds for her termination were provided to her.

73.    Plaintiff was terminated before she was provided an opportunity to discuss the new allegations against her.

74.    Procedure 03.27 AP.1 provides: "The Superintendent shall provide written notification of personnel actions to an employee including but not limited to public reprimand, suspension without pay, and termination.

75.    Plaintiff was never notified that she was terminated.

76.    Defendant deprived Plaintiff of her property and liberty interest without providing due process of law.

77.    Plaintiff was entitled to due process under the United States Constitution (as well as under the Kentucky Constitution, and the written policies of the GCBE to contest the deprivation of her employment without pay.

78.    Defendants intentionally and with malice, reckless or callous indifference deprived Plaintiff of her property right to continued employment without due process of law while acting under the color of state law as a public school district, school board and superintendent.

79.    It is believed, and therefore averred, that Defendant Morgan's suspension and denial of the opportunity to challenge the suspension without pay was part of a plan and personal agenda to coerce Plaintiff to resign her position with the GCBE.

80.    Plaintiff has and continues to experience much financial hardship as a result of her termination in that she was denied the right to receive pay pending the pre-termination hearing and the right to be heard prior to any suspension without pay.

14

81. Defendant, GCBE, failed to comply with its statutory duty to record in the minutes of the local board of education, the personnel actions taken by the superintendent with regard to Plaintiff's employment, in the minutes at the meeting following the date the action was taken in violation of KRS 160.431(2).

82. Defendant, GCBE, has in effect ratified the unlawful termination by failing to take action and failing to reinstate the Plaintiff.

83. Plaintiff lacks an adequate state or administrative remedy to address her due process rights because a post-termination hearing is not statutorily prescribed and, if the Hearing Officer finds Plaintiff was terminated for incompetence, lacks the jurisdiction to award her the damages to which she is entitled for the deprivation of her pre-termination hearing.

84. Defendants were made aware, through counsel, that the suspension of Plaintiff without pay was a serious deprivation of her due process.

85. Defendants deprived Plaintiff of her property and liberty interest without providing due process of law by:

(a) Misrepresenting that Plaintiff had only six (6) days to request a hearing when she was entitled to ten (10) days.

(b) Taking final personnel action by terminating Plaintiff effective August 16, 2017 posting her position on August 18, 2017, and terminating her benefits effective August 31, 2017 when they terminated her benefits.

(c) Failing to provide her with a pre-deprivation hearing prior to terminating her and/or suspending her with and without pay;

15

(d)      Failing to provide her, orally or in writing, a statement of charges prior to suspending Plaintiff indefinitely without pay and terminating her;

(e)      Hiring an individual for Plaintiff's position prior to a pre-termination hearing;

(f)      Failing to provide all the charges to Plaintiff before terminating her and denying her the opportunity to defend the charges.

(g)      Failing to follow the law and Board policy, depriving Plaintiff of the right to remain employed during the investigation and to access to documents she would need to consult to ascertain whether there were errors and/or whether they were due to her actions.

(h)      Failing to provide Plaintiff with a performance review, in violation of Board policies, depriving Plaintiff of the opportunity to be apprised of any alleged "performance issues", and the opportunity to correct any issues, prior to her termination.

86.      Defendant, Grant County School Board, failed to comply with its statutory duty to record in the minutes of the local board of education, the personnel actions taken by the superintendent with regard to Plaintiff's employment, in the minutes at the meeting following the date the action was taken in violation of KRS 160.431(2).

87.      Defendant, GCBE, has in effect ratified the unlawful suspension by failing to take action and failing to reinstate the Plaintiff.

88.      Defendants acted intentionally and with reckless and callous indifference to the federally protected rights of Plaintiff. Defendants' reckless and callous indifference deprived Plaintiff of her property right to continued employment without due process of law while acting under the color of state law as a public school district, school board and superintendent.

16

89.      Defendants' violations of plaintiff's due process rights constituted willful misconduct and were done and committed with malice and/or evil motive and/or reckless disregard and/or with callous indifference to the rights of plaintiff, thereby entitling plaintiff to an award of punitive or exemplary damages against the individual defendants.

90.      As a proximate result of Defendants' violations of Plaintiff's due process rights, Plaintiff has suffered, continues to suffer and will in the future suffer loss of employment, loss of earnings, loss of earning capacity, loss of seniority, and loss of employment benefits for which Plaintiff is entitled to be compensated in monetary damages.

91.      As a further proximate result of Defendants' violations of plaintiff's due process rights, plaintiff has suffered, continue to suffer, and will in the future suffer mental anguish, emotional distress, loss of self-esteem, embarrassment, humiliation, personal indignity, and loss of life's pleasures, for which plaintiff is entitled to be compensated in damages.

## COUNT III
## BREACH OF CONTRACT

92.      Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

93.      As set forth herein, Defendants materially breached the Employment Agreements by (a) terminating plaintiff's employment prior to affording her a pre-termination hearing; (b) failing to abide by the Board's policies; and (c) providing notice of the reasons for her termination after she was terminated.

94.      The Board is contractually obligated to follow its own policies pursuant to KRS 161.011.

17

95.     Grant County's policy requires an employee be evaluated at least once a year and grants employees the right to challenge any aspect of the evaluation by presenting evidence and testimony to support their position that the evaluation is inaccurate.

96.     Plaintiff was last evaluated in June 2016, received the most favorable review possible, and it was recommended that her contract be renewed.

97.     Plaintiff was not reviewed again prior to her termination in on August 16, 2017.

98.     Plaintiff was entitled to a review in June 2017.

99.     Defendants breach of its contractual obligation deprived Plaintiff notice of any alleged performance issues and the opportunity to either challenge the performance allegations or correct them.

## COUNT IV
## PROMISSORY ESTOPPEL

100.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

101.    Pursuant to the Board policies, Plaintiff was promised that she would not be terminated except for cause and only after notice and a fair and impartial hearing in which she would have the right to be present and to be heard.

102.    Plaintiff was promised that if there were issues with her performance, she would be notified pursuant to her performance review and afforded the opportunity to correct any alleged issues.

103.    Policy 03.28 provides each classified employee "shall be evaluated at least once a year" and to appeal any negative evaluation as follows:

1.    The employee may request a review of his/her evaluation with the immediate supervisor.

2.    If a review is requested, the Superintendent/designee shall set the time and place of the review with the employee and immediate supervisor.

3.    During the review process, the employee shall be given the opportunity to present any evidence or testimony supporting his/her position.

4.    Within ten (10) working days of the hearing, the Superintendent/designee shall to the employee and the employee's supervisor a written response to the appeal. All information relating to the employee's evaluation shall be placed in the   employee's appropriate personnel file.

104.   Plaintiff relied on these promises.

105.   These promises were breached when Plaintiff:

(a)    Was terminated without notification of any performance issues or

opportunity to correct them;

(b)    Was terminated prior to being afforded a pre-termination hearing

(c)    Was notified of performance issues in writing after her termination was

effective, denying her the opportunity to be heard or explain or respond

to the charges asserted against her.

106.   As a result of Plaintiff's reliance, she has suffered and will continue to suffer

damages.

**COUNT V**
**MANDAMUS**

107.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

108.   Plaintiff has a property interest in- and legitimate expectation of continued

employment with the GCBE through the provisions of the statute.

109.    By their actions, Defendants violated Plaintiff's rights to due process guaranteed by the United States Constitution and the Kentucky Constitution, and rights under the Kentucky statutes.  Plaintiff has been illegally removed from her position and deprived of her right to receive the salary and emoluments appertaining thereto. The monetary remedies in the complaint for 1983 damages are insufficient to repair the statutory harm committed by the improper removal of Plaintiff.

WHEREFORE, Plaintiff demand judgment against the Defendants for damages, including compensatory and economic damages for loss of salary and other emoluments of employment, consequential damages, including damage to professional reputation, reimbursement of all reasonable attorneys' fees and costs, pre-judgment and post- judgment interest, and such other further relief as may be just, necessary and proper.

Respectfully Submitted,

/s/Gail M. Langendorf
Gail M. Langendorf, 86295
BUSALD FUNK ZEVELY, P.S.C.
P.O. Box 6910
226 Main Street
Florence, Kentucky 41022-6910
Telephone: (859) 371-3600
Facsimile: (859) 525-1040
glangendorf@bfzlaw.com
*Attorney for Plaintiff Cheryl Breeden*